**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| T&B McDowell, LLC, | No. CV-13-00138-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Peerless Indemnity Insurance Company, | |
| Defendant. | |

The court has before it defendant's motion to dismiss (doc. 9), plaintiff's response (doc. 10), and defendant's reply (doc. 11).

This case arises from a property insurance claim. After plaintiff's property was damaged by a hail storm, it submitted a proof of loss to defendant seeking coverage for the repair or replacement of the premises. The parties agreed to an appraisal to resolve their disagreement as to the value of the claim. Pursuant to the insurance policy, each party appointed an appraiser. The appraisers met and entered an appraisal award of $32,200.00. Plaintiff now claims that the appraisal award is deficient because it does not include an amount for both actual cash value and replacement cost of the property. Plaintiff's complaint alleges that defendant acted in bad faith by refusing to instruct its appraiser to reconvene to enter a new award and seeks a declaratory judgment. Defendant moves to dismiss plaintiff's complaint on the grounds that plaintiff has suffered no injury.

We may grant a motion to dismiss when the complaint on its face fails to allege

sufficient facts to establish a case or controversy. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Article III of the Constitution limits federal court jurisdiction to cases and controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559, 112 S. Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Standing is a "core component" of a case or controversy. Id. To establish standing, plaintiff must show that it suffered an "injury in fact" that is "concrete and particularized," that there is a causal connection between the injury and the conduct complained of, and that it is likely that the injury will be redressed by a favorable decision. Id.

Plaintiff contends that the appraisal award is unintelligible and does not respond to the issues submitted to the appraisers. The merits of an appraisal award on the question of the value or the amount of loss will not be reviewed on appeal. Hanson v. Commercial Union Ins. Co., 150 Ariz. 283, 286, 723 P.2d 101, 104 (Ct. App. 1986). Once parties have agreed to value an asset by appraisal, the appraisal award is "entitled to finality in all but narrowly defined circumstances such as fraud, corruption, or other prejudicial misconduct." Chapman v. The Westerner, 220 Ariz. 52, 54, 202 P.3d 517, 519 (Ct. App. 2008). Here, plaintiff has not accused the appraisers of fraud, corruption or other prejudicial misconduct. Instead, plaintiff argues that the appraisal award is unintelligible and non-compliant because it does not separately state the actual cash value and replacement cost of the damaged property. We disagree. The appraisal award clearly states the amount of loss. Moreover, the appraisers complied with both the insurance policy and the appraisal agreement. The appraisal provision in the insurance policy does not require the appraisers to separate the amount of the award into actual cash value and replacement cost value. The parties' appraisal agreement lists "actual cash value" and "replacement cost" as steps in the appraisal process, but it does not explicitly require the appraisers to identify a separate amount for each. The appraisal award states the amount of loss is "based upon replacement cost and actual cash value calculations," which means the appraisers considered both, as required by the appraisal agreement. Because there are no grounds to overturn the appraisal award,

plaintiff cannot show that it has suffered any concrete harm resulting from the appraisal.

Plaintiff also contends that defendant's refusal to reconvene the appraisers is depriving plaintiff of the right to have its disputes resolved by appraisal. However, there is no indication that plaintiff was deprived of its contractual right to an appraisal. It is undisputed that pursuant to the insurance policy the parties agreed to an appraisal to resolve their disagreement as to the value of the insurance claim. It is also undisputed that the parties appointed two appraisers who unanimously agreed that $32,200 is the amount of loss. Moreover, plaintiff concedes that pursuant to the insurance policy, the appraisal award is binding. See Doc. 9 at 4. Plaintiff cannot establish that it has a right to another appraisal. Therefore, plaintiff cannot show that it has suffered any concrete harm resulting from defendant's allegedly wrongful acts. Plaintiff's disatisfaction with the amount of the appraisal award is insufficient to establish an actual or threatened injury.

Because plaintiff cannot establish that it suffered an injury in fact that will likely be redressed by a favorable decision, it lacks standing. Therefore, **IT IS ORDERED GRANTING** defendant's motion to dismiss with prejudice (doc. 9).

DATED this 22nd day of May, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge